UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jonathan Rolando UMANA ABREGO,<br><br>         Petitioner,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>         Respondent. | Case No.: 25-cv-2442-AGS-SBC<br><br>**ORDER SCREENING PETITION AND REQUIRING ANSWER** |

Pro se petitioner Jonathan Rolando Umana Abrego seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, the Court need only assess whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4; *see also id.*, Rule 1(b) (permitting use of those Rules to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id.*

Petitioner fled El Salvador years ago, "entered the U.S." in 2014, and alleges that he was "taken into immigration custody" after completing a prison sentence in October 2024. (ECF 1-2, 4–5.) Although he does not specify when he was ordered removed from the United States, he claims respondent "has detained [him] for more than six months since the issuance of his order of removal." (ECF 1, at 7.) This suffices to warrant an answer. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that "six months" is the "presumptively reasonable period" for post-removal-order detention). Respondent's answer is due **November 14, 2025**, and petitioner's reply is due **November 21, 2025**.

Dated: November 5, 2025

                 _____
                 Hon. Andrew G. Schopler
                 United States District Judge